IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                                 :
LAUREN COYLE,                    :        HON. JEROME B. SIMANDLE
                                 :
              Plaintiff,         :        Civil No. 08-2797 (JBS/JS)
                                 :
       v.                        :
                                 :           OPINION
HORNELL BREWING CO., et al.,     :
                                 :
              Defendants.        :
                                 :
```

Daniel R. Lapinski, Esq.
Lynne M. Kiziz, Esq.
Phillip A. Tortoreti, Esq.
WILENTZ, GOLDMAN & SPITZER, PC
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
     -and-
Michael D. Halbfish, Esq.
TUNNEY & HALBFISH, ESQS.
245 Main Street
Woodbridge, NJ 07095
     Counsel for Plaintiff Lauren Coyle

Robert P. Donovan, Esq.
Ryan P. Mulvaney, Esq.
Mauro Gerard Tucci, Jr., Esq.
MCELROY DEUTSCH MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102
     Counsel for Defendants Hornell Brewing Company, Ferolito
     Vultaggio & Sons, and Arizona Beverage Company, LLC

**SIMANDLE**, District Judge:

This matter comes before the Court on appeal by Defendants Hornell Brewing Company, Ferolito Vultaggio & Sons, and Arizona Beverage Company, LLC, (collectively, "Defendants") of the Magistrate Judge's March 25, 2009 Letter Order denying Defendant's application for a stay of discovery pursuant to Rule 26(c), Fed. R. Civ. P., while awaiting the Third Circuit opinion on the appeal of a related case, Holk v. Snapple Beverage Corp., 574 F. Supp. 2d 447, 454 (D.N.J. 2008) [Docket Item 57]. Defendants argue that the Magistrate Judge's opinion should be reversed because (1) the Judge erroneously relied on his November 5, 2008 Order denying a stay of discovery and did not adequately consider subsequent procedural developments, (2) discovery will be more complex and substantial than acknowledged by the Judge, and (3) the Judge's finding of prejudice to Plaintiff is insufficiently substantiated and the Judge placed an undue burden on Defendants as the moving party.  The Court, however, cannot find that the Magistrate Judge abused his discretion and will, for the foregoing reasons, affirm the March 25, 2009 Letter Order denying a stay of discovery.

I.   **BACKGROUND**

   A.   **Factual Allegations**

Defendants are responsible for the manufacturing, brewing, sale and distribution of the Arizona Iced Tea beverages at issue

2

here.  (Compl. ¶¶ 6-9.)  In brief, Plaintiff Lauren Coyle ("Plaintiff") alleges in this proposed class action that over a period of six years she purchased various Arizona Iced Tea beverages, all labeled "100% NATURAL," because she believed they were made from only "natural" products as Plaintiff understood the term "natural."  (Id. ¶ 35-40.)  The crux of Plaintiff's Complaint is that these Arizona Iced Tea beverages should not have born the "100% NATURAL" label because they contain high fructose corn syrup ("HFCS"), which, Plaintiff argues, is not "natural," because process for making HFCS "does not occur naturally."  (Id. ¶¶ 24, 33.)  Relying on the above allegations, Plaintiff brings four claims for relief for herself and the proposed injured class: violation of the New Jersey Consumer Fraud Act (Count I); unjust enrichment and common law restitution (Count II); breach of express warranty (Count III); and breach of implied warranty of merchantability (Count IV).

**B.  Procedural History**

Originally brought on April 21, 2008, in the Superior Court of New Jersey, Atlantic County, Defendants removed this action to federal court on June 4, 2008 [Docket Item 1].  On July 7, 2008, Plaintiff filed a motion to remand and the Magistrate Judge, with consent of all parties, stayed proceedings until the Court had an opportunity to rule on that remand motion [Docket Items 11 & 12].  Plaintiff then withdrew its motion to remand [Docket Item 18],

and Defendants subsequently moved to dismiss pursuant to Rule
12(b)(6), Fed. R. Civ. P., [Docket Item 19], and sought a
continued stay of discovery while the motion to dismiss was
pending [Docket Item 20].  On November 5, 2008, after briefing
from all parties, the Magistrate Judge heard oral argument on
Defendants' motion to stay discovery and denied the request in an
Oral Opinion [Docket Item 32 & 35].  Defendants did not appeal,
nor did they seek reconsideration.

On February 23, 2009, this Court heard oral argument on
Defendants' motion to dismiss, but with consent of all parties
reserved decision until the Third Circuit issued its opinion in
Holk, a case that raises identical issues and may dispose of
Plaintiff's claims or invalidate Defendants' arguments for
dismissal [Docket Items 42 & 49].  At Defendants' request, the
Court referred the issue of a stay of discovery to the Magistrate
Judge to consider in light of the decision to reserve judgment on
Defendants' motion to dismiss.  (Feb. 23, 2009 Tr. at 70.)  This
Court stated:

> [] I think it's more orderly and at least more in
> tune with my judicial philosophy of respecting a
> magistrate judge's decision, that I'm not going to
> second guess absent an appeal or some drastic
> change.  But I would want to give [the Magistrate
> Judge] a second opportunity to look at it in light
> of this stay.

(Id.)

By way of a letter dated March 3, 2009, Defendants applied

4

again to the Magistrate Judge for a stay of discovery.  (Defs.
Ex. C.)  As ordered by the Magistrate Judge, Plaintiff filed an
opposition to Defendants' motion and Defendants filed a reply
[Docket Items 52 & 53.]  On March 25, 2009, the Magistrate Judge
issued his Letter Order denying Defendants' application for a
stay of discovery [Docket Item 54].  The Judge began by
summarizing his November 5, 2008 Oral Opinion denying a stay of
discovery, noting that it was "central" to his ruling.  (Letter
Order at 1.)  The Judge noted that his November 5th opinion was
based on the fact that Defendants were engaged in, or would soon
be engaged in, similar discovery for two related cases (a fact
the Judge found "most compelling"), that discovery would not be
unduly burdensome (noting that discovery would focus solely on
class certification), and that Plaintiff would be prejudiced by a
stay as it would interfere with her interest in pursuing her case
in an expeditious manner and would increase the chance that
witnesses' memories would fade and evidence would be lost.  (Id.
at 2-3.)

The Magistrate Judge, having "carefully considered
defendants' arguments,"[1] explained why they did not justify a

---

[1] The Judge summarized Defendants' arguments:

In support of its March 3, 2009 application asking
the Court to stay discovery, defendants argue that
"new factual and procedural circumstances are
presented."  Defendants cite the following: (1)
defendants moved before the Judicial Panel on

stay of discovery.  (<u>Id.</u> at 4-6.)  First, he observed that referral to a Multi-District Litigation ("MDL") panel did not automatically call for a stay.[2]  (<u>Id.</u> at 4-5.)  Second, he observed that the "primary justification" for the November 5th Oral Opinion -- that Defendants would not be unduly burdened by proceeding with discovery because they were proceeding with discovery in the <u>Covington</u> case pending in Florida -- remained true.  (<u>Id.</u> at 5.)  Third, the Judge again rejected "defendants' argument that discovery should be stayed until the Third Circuit rules on the <u>Holk</u> appeal," because there is "simply no certainty when the decision will be issued."  (<u>Id.</u>)  The Judge went on: "The Court already ruled that the prejudice resulting to plaintiff from an indefinite stay outweighs any prejudice

---

> Multi-District Litigation to consolidate and transfer the <u>Coyle</u> case, and two other lawsuits filed against defendants, to the District of New Jersey; (2) "the <u>Holk</u> appeal will be fully briefed within approximately one week and a decision on this appeal can be expected within a matter of months"; (3) Judge Simandle decided to reserve his decision on defendants' motion to dismiss in this case until the <u>Holk</u> appeal is decided; (4) defendants produced discovery showing that their products comply with FDA requirements; (5) plaintiff will not be prejudiced by a stay, and; (6) burdensome tasks of discovery confronting the defendant.

(Letter Opinion at 4.)

    [2] On April 9, 2009, the MDL panel declined to consolidate and transfer the three cases to the District of New Jersey [Docket Item 60].

resulting to defendants from denying a stay." (Id.)  Fourth,

evidence that Defendants complied with FDA regulations went to

the merits and could not be decided at this stage.  (Id.)  And

finally, the Judge reiterated that Plaintiff would be prejudiced

by a stay of discovery and that the interests of judicial economy

and fairness did not warrant such a stay.  (Id.)

On April 8, 2009, Plaintiff filed its notice of appeal.

## II.  DISCUSSION

In considering an appeal of a nondispositive order by a

Magistrate Judge, the Court will modify or vacate an order only

if it is "clearly erroneous or is contrary to law."  Fed. R. Civ.

P. 72(a); L. Civ. R. 72.1(c).

> A magistrate judge's finding is clearly erroneous
> when, although there may be some evidence to
> support it, the reviewing court, after considering
> the entirety of the evidence, is "left with the
> definite and firm conviction that a mistake has
> been committed." Dome Petroleum Ltd. v. Employers
> Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J.
> 1990) (quoting United States v. U.S. Gypsum Co.,
> 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746
> (1948)).  A ruling is contrary to law if the
> magistrate judge has misinterpreted or misapplied
> applicable law. [Gunter v. Ridgewood Energy Corp.,
> 32 F. Supp. 2d 162, 164 (D.N.J. 1998)]. The burden
> of showing that a ruling is "clearly erroneous or
> contrary to law rests with the party filing the
> appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149
> (D.N.J. 2004).  However, "[w]here a magistrate
> judge is authorized to exercise his or her
> discretion, the decision will be reversed only for
> an abuse of discretion." Rhett v. N.J. State, 2007
> WL 1456199, **1-2, 2007 U.S. Dist. LEXIS 35350, at
> *4 (D.N.J. May 14, 2007).

Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).  A

party is bound, however, by the opinion of the Magistrate Judge if not timely appealed.  Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.")

In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.  <u>V. Mane Fils S.A. v. International Flavors and Fragrances Inc.</u>, No. 06-2304, 2008 WL 4606313 (D.N.J. Oct. 18, 2008); <u>Cooper Hospital/University Med. Ctr. v. Sullivan</u>, 183 F.R.D. 119, 127 (D.N.J. 1998); <u>Kresefky v. Panasonic Commc'ns & Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996).  This is especially true where, as here, the Magistrate Judge has managed this case from the outset and "developed a thorough knowledge of the proceedings."  <u>Public Interest Research Group v. Hercules, Inc.</u>, 830 F. Supp. 1525, 1547 (D.N.J. 1993), <u>aff'd</u> <u>on</u> <u>other</u> <u>grounds</u> and <u>rev'd</u> <u>on</u> <u>other grounds</u>, 50 F.3d 1239 (3d Cir. 1995).

Pursuant to Rule 26(c), the party seeking a stay of discovery must establish "good cause" for such a stay.[3]  They are not preferred.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936); <u>Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.</u>, No. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002).

---

[3] The cases cited by Defendants -- <u>Ford Motor Credit Co. v. Chiorazzo</u>, 529 F. Supp. 2d 535 (D.N.J. 2008), <u>Motson v. Franklin Covey</u>, 03-1067, 2005 WL 3465664 (D.N.J. Dec. 16 2005), and <u>Mars, Inc. v. JMC Corp.</u>, 05-3165, 2006 WL 3373284 (D.N.J. Nov. 21, 2006) -- do not shift any part of the burden away from the moving party.

"Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Worldcom Technologies, 2002 WL 1971256, at *6 (quoting Coca-Cola Bottling Co. of Lehigh Valley v. Grol, 1993 U.S. Dist. LEXIS 3734, at *6, *7 (E.D.Pa. 1993). "[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." Gerald Chamales Corp. v. Oki Date Americas, Inc., 247 F.R.D. 453, 454 (D.N.J. 2007) (citing Chesney v. Valley Stream Union Free Sch. District No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." Landis, 299 U.S. at 254.

Much of Defendants' appeal is a rehashing of arguments presented to the Magistrate Judge before the November 5, 2008 Oral Opinion –– an opinion that was not appealed and is not before the Court. To the extent Defendants argue that the Magistrate Judge improperly relied on his November 5th opinion, that argument is not well-taken. The gist of the Letter Order is that the Magistrate Judge considered the new developments and

found that they did not justify a different result.[4]  (Letter
Order at 4-6)  In particular, the Judge remained convinced that
"the primary justification" for his prior ruling "still
applie[d]" -- namely, that Defendants are undisputedly engaged in
similar discovery in two related cases and there was no good
reason why coordinated discovery should not proceed.  (Id. at 5.)
It was well within the Magistrate Judge's discretion to conclude
that his initial reasoning was still good and that the new
developments did not change that formula.  If Defendants objected
to his initial reasoning, they were free to appeal that decision.
They did not.[5]

    The Court similarly finds no clear error in the Magistrate

---

[4] Defendants acknowledge that the Judge considered these new
developments, but instead protest that he did give then
sufficient weight.  (Defs. Appeal at 17) ("The March 25 Order
summarily addresses and, in large part, disregards the new
procedural developments that arose after November 5, 2008 . . .")
This weighing of factors, however, is firmly within the
discretion of the Magistrate Judge and the Court finds nothing
clearly erroneous or contrary to law in his analysis.  The
Magistrate Judge was perfectly correct when he found that there
was no certainty as to when the Third Circuit would issue its
opinion in Holk (though it is possible to guess), that any stay
entered now would be indefinite (even if it is ultimately brief),
and that the Covington case is procedurally similar (even if
discovery deadlines and a trial date have been set).  Any error
regarding the nature of the order requiring discovery to proceed
in Covington does not render the Magistrate Judge's opinion
clearly erroneous.

[5] Underlying Defendants' arguments here and before the
Magistrate Judge is the assumption that the Third Circuit's
opinion in Holk is likely to require dismissal of Plaintiff's
claims.  This result, however, is far from certain, especially in
light of Wyeth v. Levin, 129 S. Ct. 1187 (2009).

Judge's November 5th finding, incorporated into the Letter Order, that discovery related to class certification would not be unduly burdensome to Defendants and so a stay was not necessary.  The Third Circuit's decision in In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (3d Cir. 2008), does not compel a contrary conclusion.  While it has long been recognized that class certification requires rigorous fact-finding that may touch on the merits, Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 167-69 (3d Cir 2001), neither Hydrogen Peroxide nor Newton establish that in this particular case discovery related to class certification will be unduly burdensome.  This is so, not withstanding Defendants' speculation that Plaintiff may need expert testimony on damage issues relevant to class certification.  The Court observes (as the Magistrate Judge made clear) that nothing in either the November 5th Oral Opinion or the March 25th Letter Opinion prevent Defendants from seeking protection from specific unduly burdensome discovery requests pursuant to the rule of proportionality under Rule 26(b)(1)(C), Fed. R. Civ. P., rather than blanket protection from all discovery.

Finally, the Magistrate Judge did not abuse his discretion in ultimately concluding that Defendants did not meet their burden under Rule 26(c).  Plaintiff's consent to this Court's deferring judgment on Defendants' motion to dismiss until the

Third Circuit rules in <u>Holk</u> did not waive her right to proceed with discovery and does not make the <u>Landis</u> standard inapplicable.  Defendants, as the moving party, had the burden to show "good cause" for a stay of discovery and the Magistrate Judge found they did not meet this burden.  It was not necessary for Plaintiff to submit evidence in the form of affidavits to show prejudice, <u>see</u> <u>Mars</u>, 2006 WL 3373284, at *7-8, and there was sufficient evidence in this already heavily litigated case that Plaintiff has invested substantial resources in this action (see Docket Items 1-63) and has an interest in pursuing this litigation (she has vehemently opposed all requests for a stay pending resolution of the motion to dismiss).  "The power to stay a case calls for the exercise of judgment and the weighing of competing interests," <u>Chamales</u>, 247 F.R.D. at 456 (citing <u>Landis</u>, 299 U.S. at 254, and <u>Nutraquest, Inc. v. All American Pharmaceutical & Natural Foods Corp.</u>, No. 06-186, 2007 WL 121448, at *1 (D.N.J. Jan 11, 2007)), and though the Court acknowledges the burden discovery will place on Defendants while a potentially dispositive motion is pending, the Court cannot find that the Magistrate Judge abused his discretion in weighing these factors and denying Defendants' motion for a stay.

## III. CONCLUSION

For the foregoing reasons, the Court will affirm the Magistrate Judge's March 25, 2009 Letter Order denying

Defendants' application for a stay of discovery pending resolution of the appeal in Holk.  In light of this Court's decision, with consent of all parties, to defer judgment on Defendants' motion to dismiss [Docket Item 19] until the Third Circuit issues its opinion in Holk, the Court will also dismiss Defendants' motion to dismiss without prejudice to reinstatement following the opinion in Holk.

The accompanying Order will be entered.


**June 9, 2009**                    **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    United States District Judge