**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LAUREN COYLE, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HORNELL BREWING CO.,<br>FEROLITO VULTAGGIO & SONS,<br>ARIZONA BEVERAGE COMPANY LLC,<br>and BEVERAGE MARKETING USA, INC.:<br><br>        Defendants. | Honorable Jerome B. Simandle<br><br>Civil Action No. 3:08-cv-2797-JBS-JS<br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, on behalf of herself and all others similarly situated, by her undersigned counsel, upon knowledge as to her own acts and upon information and belief as to Defendants and their actions, brings the following Class Action Complaint against Defendants Hornell Brewing Co. ("Hornell"), Ferolito, Vultaggio & Sons ("FV&S"), AriZona Beverage Company LLC ("AriZona"), and Beverage Marketing USA, Inc. ("BMU") collectively ("Defendants").

**NATURE OF ACTION**

1.    This is a class action for declaratory judgment, injunctive relief, reimbursement of losses sustained and damages, alleging that Defendants' marketing, advertising and promotion of its beverages is misleading, and/or inaccurate, and/or deceptive.

2.    The unlawful marketing, advertising and promotion includes, but is not limited to, the following:

**"100% NATURAL"** – Marketing, advertising and promoting its Arizona Iced

#3881401 (151149.002)

Tea beverages as "100% NATURAL" when the beverages contain High Fructose Corn Syrup ("HFCS") and/or other non natural products. The term "100% NATURAL" is regularly used by manufacturers to describe a product that does not have any chemically altered or man-made ingredients, and that therefore is a more healthy choice than competing products that contain processed ingredients – and worth a premium price because of that benefit. However, HFCS is a highly processed sugar substitute that does not exist in nature and is not "100% NATURAL." The use by Defendants of the term "100% NATURAL" to describe its products when, in fact, the products are not, is misleading, inaccurate and deceptive.

3.    Plaintiff brings this action on behalf of herself and on behalf of a class of similarly situated persons, seeking declaratory judgment, injunctive relief, reimbursement of losses and damages.

4.    Plaintiff's claims against Defendant include (1) violation of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1 *et seq.* (2) Unjust enrichment, (3) Breach of Express Warranty and (4) Breach of the Implied Warranty of Merchantability.

## PARTIES

5.    Plaintiff is, and at all times relevant hereto has been, a resident of New Jersey residing in Galloway Township, Atlantic County, and over the lawful age of majority. Plaintiff is filing this claim on behalf of herself and all New Jersey persons similarly situated who purchased an AriZona Iced Tea beverage within the six years preceding the filing of the case at bar until present, that was marketed, advertised or promoted as being "100% NATURAL," but contained HFCS or other non-natural ingredients. Specifically excluded from the Class is any

#3881401                                    2

entity in which Defendants have a controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors, and assigns of any such entity, together with any immediate family member of any officer, director or employee of said companies. Also excluded from the Class is any Judge or Magistrate presiding over this Action and members of their immediate families, and any counsel for any Defendants, counsel's staff, and immediate families.

6. Defendant Beverage Marketing USA, Inc., is a privately-held S corporation organized and existing under the laws of New York, with its principal place of business in Lake Success, New York. BMU holds the marketing and distribution rights to AriZona Iced Tea products, including those beverages that are at issue in the present matter.

7. Defendant Hornell Brewing Co. is a New York corporation with it principal place of business located at 5 Dakota Drive, Lake Success, New York 11042. Hornell is the parent company of Defendant FV&S.

8. Defendant FV&S is a New York corporation with its principal place of business located at 5 Dakota Drive, Lake Success, New York 11042. FV&S oversees the manufacture, brewing, sale and distribution of AriZona Iced Tea beverages, including those beverages that are at issue in the present matter.

9. Defendant AriZona, a branch of Defendant FV&S, is a privately-held company based in Lake Success, New York, responsible for the manufacture and brewing of AriZona Iced Tea beverages, including those beverages that are at issue in the present matter.

10. Defendants, and each of them, are/is responsible for the manufacture, brewing, sale and distribution of AriZona Iced Tea beverages that were, and continue to be, unlawfully marketed, advertised and promoted to consumers as "100% NATURAL," and which Plaintiff

purchased, and as such Defendants are each a "person" as defined under the Consumer Fraud Act N.J.S.A. 56:8-1 *et seq.*

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d).

12.     This is a civil class action that was commenced after 2005 in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

13.     Plaintiff, a resident of Atlantic County, New Jersey, is a citizen of a state different than Defendants.

14.     Upon information and belief, New York citizens do not comprise greater than one-third of the plaintiff class.

15.     This action does not satisfy the exemptions to jurisdiction found in 28 U.S.C. §§1332(d)(4)(A) and (B).

16.     This action does not satisfy the exemptions to jurisdiction found in 28 U.S.C. §1332(d)(3).

17.     Defendants are not charitable organizations.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of herself and all other similarly situated persons in the State of New Jersey, pursuant to Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent the following Class:

All persons in the State of New Jersey who purchased an AriZona Iced Tea beverage marketed, advertised and promoted as "100% NATURAL," but which contained HFCS or other non-natural ingredients, during the six (6) years preceding commencement of this suit until such time as Defendants reform said

practice.

19.    The Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believes the members of the Class exceed one hundred (100) persons.

20.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among questions of law and fact common to the Class and Subclass are:

Whether use of the phrase "100% NATURAL" to market, advertise and promote beverages containing HFCS is misleading, and/or inaccurate, and/or deceptive.

Whether Defendants failed to disclose that their AriZona Iced Tea beverages were not "100% NATURAL."

Whether Defendants expressly and/or impliedly warranted that its beverages contained "100% NATURAL" ingredients.

Whether Defendants breached warranties by using HFCS as an ingredient in beverages marketed, advertised and promoted as "100% NATURAL."

Whether Defendants have been unjustly enriched as a result of their unlawful business practices.

Whether Defendants' actions as described herein violate the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1 *et seq.*

Whether Defendants should be enjoined from continuing the practices described herein.

Whether Defendants should be required to make restitution, disgorge profits, reimburse losses, pay damages and pay treble damages as a result of the practices described.

21.    Plaintiff's claims are typical of the claims of the members of the Class as all

members of the Class are similarly affected by Defendants' wrongful conduct in violation of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1 *et seq.*, and Defendants' breach of express and implied warranties.

22. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this class action.

## STATEMENT OF FACTS

24. Defendants manufacture, distribute, market, advertise, promote and sell AriZona Iced Tea beverages throughout the United States, including the State of New Jersey. Since Defendants began selling AriZona Iced Tea in 1992 the product has become the top selling ready-to-drink tea in the United States. Defendant's line of AriZona Iced Tea beverages includes, among others, Original Iced Tea, Raspberry Iced Tea, Peach Iced Tea, Green Tea with Ginseng and Honey, and Rx Stress Herbal Iced Tea.

25. The AriZona beverages are packaged in a variety of containers including bottles, cans, waxed cartons and even in powdered form. To help the product stand out, Defendants market their beverages in a uniquely tall container so that it stands "head and shoulders" above the rest.

26. In its marketing and advertising Defendants promote their AriZona Iced Tea

beverages as "100% NATURAL."

27.    As an example, on the neck of the AriZona Original Iced Tea, Raspberry Iced Tea and Peach Iced Tea 20 ounce bottle necks – the bottle necks that stand "head and shoulders" above competitive products situated in nearby display areas, Defendants promote the Beverages as "100% NATURAL."

28.    Similarly, on the 20 ounce bottles of AriZona Rx Stress Herbal Iced Tea and AriZona Green Tea with Ginseng and Honey, Defendants promote the beverages as "100% NATURAL" and "100% ALL NATURAL" respectively.

29.    In fact, AriZona Iced Tea beverages are not "100% NATURAL" because the beverages, including but not limited to, Original Iced Tea, Peach Iced Tea, Raspberry Iced Tea, Green Tea with Ginseng and Honey, and Rx Stress Herbal Iced Tea all contain HFCS.

30.    Defendants do not disclose, nor would a reasonable consumer know, that the HFCS contained in the AriZona Iced Tea beverages is not a natural ingredient.

**HIGH FRUCTOSE CORN SYRUP ("HFCS")**

31.    HFCS is a highly processed sugar substitute.

32.    Despite its two (2) major constituents, glucose and fructose, being widely found in nature, HFCS does not exist in nature.

33.    HFCS is produced by processing cornstarch to yield glucose, and then processing a significant portion of the glucose to produce fructose.

34.    To produce HFCS, cornstarch is first treated with a purified enzyme, alpha-amylase, to produce shorter chains of sugars called polysaccharides.    Alpha-amylase is industrially produced by a bacterium, usually Bacillus.

35.    The polysaccharides (short chains of sugar) are then broken down even further by

adding a second enzyme called glucoamylase. Glucoamylase is industrially produced by a fungus, Apergillus. The addition of glucoamylase to the polysaccharides yields the simple sugar glucose.

36. In lieu of using alpha-amylase or glucoamylase, acids may be used in the HFCS production process.

37. A third enzyme, gluco-isomerase, then converts glucose to a mixture of about 42 percent fructose and 50 to 52 percent glucose with some other sugars (or short polymers of glucose) mixed in. While alpha amylase and glucoamylase are added directly to the slurry, pricey glucose-isomerase is packed into columns and the sugar mixture is then passed over it. The sweet liquid with 42 percent fructose is used as HFCS 42 in some applications.

38. To obtain a higher percentage of fructose in HFCS, two more steps are necessary. First, a liquid chromatography step takes the mixture to 90 percent fructose. Next, the 90 percent mixture is back-blended with the original mixture to yield a final concentration of about 55 percent fructose. This mixture is what the industry calls HFCS 55, and is the industry standard.

39. Although the base constituents used to create HFCS are created from naturally occurring substances, the process described above does not occur naturally. In fact, HFCS was not mass produced until the 1970's. Prior to that there was no HFCS in products.

40. Furthermore, the molecules in HFCS (and AriZona) were not extracted from natural sources. Instead, the molecules in HFCS were created through enzymatically catalyzed chemical reactions in factories.

## PLAINTIFF'S PURCHASE OF ARIZONA ICED TEAS

41. On or around March 30, 2008, Plaintiff purchased a bottle of AriZona Rx Stress Herbal Iced Tea at a WaWa convenience store located on Route 9 in Galloway Township, New

Jersey. Plaintiff paid approximately $1.65 for the 20 ounce bottle at the time of purchase.

42.    On numerous other occasions over the course of the six (6) years preceding the filing of this Complaint, Plaintiff purchased many other of the AriZona Iced Tea beverages previously mentioned, including AriZona Original Iced Tea and AriZona Green Tea with Ginseng and Honey, at various locations throughout the State, including the WaWa convenience store in Galloway Township, New Jersey.

43.    Each time Plaintiff purchased each of the AriZona Iced Tea beverages, Defendants marketed, advertised and promoted the beverages as "100% NATURAL."

44.    Each time Plaintiff purchased each of the AriZona Iced Tea beverages, Defendants represented on the products' bottle that the beverage was "100% NATURAL."

45.    Each time Plaintiff purchased each of the AriZona Iced Tea beverages, she did so because she thought, based upon Defendants' representations, that the beverages were all natural.

46.    At the time of each said purchase referred to above Plaintiff purchased AriZona Iced Tea beverages because she wanted a beverage that was all natural – a beverage that did not contain artificial colors, flavors, preservatives, chemicals , or highly processed materials.

47.    As a result of its marketing, advertising and promotion, Defendants were able to and did charge a premium price for its AriZona Iced Tea – a price higher than that charged for products that are not "100% NATURAL."

48.    Each time Plaintiff purchased the AriZona Iced Tea beverages, beverages that she thought were all natural, Plaintiff was willing to, and did, pay a premium price as compared to the price of other comparable iced tea beverages that were not all natural.

49.    At the time of each said purchase, Plaintiff paid a premium for beverages that she thought were "100% NATURAL."

#3881401                                    9

50.    However, in contrast to the manner in which Defendants marketed, advertised and promoted its beverages, and in contrast to the representations on the bottle of Defendants' beverages, the AriZona Iced Tea beverages purchased by Plaintiff were not "100% NATURAL."

51.    Defendants claims that AriZona Iced Tea beverages are "100% NATURAL" are materially false and misleading because the beverages contain HFCS, a product that is not all natural.

52.    As a result of Defendants' misleading, and/or inaccurate, and/or deceptive marketing, advertising and promotion of its beverages, Plaintiff suffered an ascertainable loss in that she paid a premium for Defendants' AriZona Iced Tea beverages, which she thought were 100% NATURAL, but received something less than and different from what was promised and bargained for – a product that was not, in fact, all natural.

## COUNT I

### (VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT)

53.    Plaintiff repeats and re-alleges each and every allegation above, as if set forth in full herein.

54.    The New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8-2 (2006) provides, in relevant part:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, [sic] concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived

#3881401                                        10

or damaged thereby, is declared to be an unlawful practice…

55.    Defendants' business practices of marketing, advertising and promoting its AriZona Iced Tea beverages as "100% NATURAL" constitutes the use by Defendants of unconscionable commercial practices, deception, false promise and misrepresentation, and the knowing concealment of material fact with the intent that others rely, and, thus constitutes multiple, separate violations of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1 *et seq.*

56.    In marketing, advertising and promoting its beverages, Defendants made the material misrepresentations and omissions as set forth in this Complaint in New Jersey and elsewhere.

57.    Defendants' unlawful conduct set forth in this Complaint has the capacity to mislead or deceive consumers, including Plaintiff and members of the Class.

58.    Defendants' unconscionable commercial practices, deception, false promises, misrepresentations and omissions set forth in this Complaint are material in that they relate to matters which reasonable persons, including Plaintiff and members of the Class, would attach importance to in their purchasing decisions or conduct regarding the purchase of AriZona Iced Tea beverages.

59.    As a result of Defendants' practices as described herein, Plaintiff and members of the Class have suffered a calculatable and ascertainable loss of money or property in that they paid a premium price for a product misrepresented as "100% NATURAL", as compared to similar products that are not all natural.

#3881401                                      11

## COUNT II

### (UNJUST ENRICHMENT AND COMMON LAW RESTITUTION)

60.    Plaintiff repeats and re-alleges each and every allegation above, as if set forth in full herein.

61.    As a result of Defendants' wrongful and deceptive conduct, Plaintiff and members of the Class have suffered a detriment while Defendants have received a benefit.

62.    In purchasing an AriZona Iced Tea beverage, Plaintiff conferred upon Defendants a benefit by paying a premium price for Defendants' beverages. Plaintiff paid the premium price for Defendants' beverage with the expectation that she would receive a beverage that was "100% NATURAL."

63.    In accepting the premium price paid by Plaintiff for the AriZona Iced Tea beverages, while failing to provide a beverage that was "100% NATURAL," Defendants retained a premium price benefit to which they were not entitled.

64.    Defendants should not be allowed to retain the enormous profits generated and premium profits realized from the sale of products that were unlawfully marketed, advertised and promoted.

65.    Allowing Defendants to retain these unjust profits would offend traditional notions of justice and fair play and induce companies to misrepresent key characteristics of their products in order to increase sales.

66.    Thus, Defendants are in possession of funds which were wrongfully obtained and retained from consumers and which should be disgorged as illegally gotten gains.

#3881401                                              12

## COUNT III

## (BREACH OF EXPRESS WARRANTY)

67.     Plaintiff repeats and re-alleges each and every allegation above, as if set forth in full herein.

68.     Defendants expressly warranted in their marketing, advertising and promotion of AriZona Iced Tea beverages, that their beverages are "100% NATURAL".

69.     Plaintiff and members of the Class purchased AriZona Iced Tea beverages based upon the above said express warranty.

70.     Defendants breached their express warranty by including HFCS in their AriZona Iced Tea beverages that they marketed, advertised and promoted as "100% NATURAL."  HFCS is a man-made, highly processed sugar substitute that is manufactured by using enzymes (or acids) to alter the chemical structure of starch molecules.  HFCS does not exist in nature and is not "100% NATURAL."

71.     As a direct and proximate result of Defendant's breach of their express warranty, Plaintiff and members of the Class have been damaged in that they did not receive the beverage as specifically warranted, and paid a premium for the beverage because they believed it was "100% NATURAL."

## COUNT IV

## (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

72.     Plaintiff repeats and re-alleges each and every allegation above, as if set forth in full herein.

73.     Defendants impliedly warranted that the beverages they manufactured, sold and distributed were "100% NATURAL," and in doing so, that the beverages were merchantable and

fit for their intended purpose. In representing that AriZona Iced Tea beverages were "100% NATURAL" Defendants promised purchasers that AriZona Iced Tea beverages would not contain ingredients that were not all natural. Defendants did so with the intent to induce Plaintiff and members of the Class to purchase those beverages.

74.    Defendant breached those implied warranties in that the products were not "100% NATURAL" as marketed, advertised and promoted.

75.    Had Plaintiff and the members of the Class known the true facts, they either would not have purchased the AriZona Iced Tea beverages, or would not have been willing to pay the premium price Defendants charged for the beverages.

## PRAYER FOR RELIEF

76.    Plaintiff, on Plaintiff's own behalf and on behalf of the Class, prays for the following relief:

    a.    An Order that this action be maintained as a class action and that Plaintiff be appointed class representative.

    b.    An Order appointing the undersigned attorneys as class counsel in this action.

    c.    A declaration that the use of the phrase "100% NATURAL" in the marketing, advertising and promotion of products containing HFCS is misleading, inaccurate and deceptive.

    d.    A declaration that Defendants' use of the phrase "100% NATURAL" in the marketing, advertising and promotion of their beverages that contain HFCS violates the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1 et seq.

    e.    A declaration that Defendants breached both express warranties and implied warranties of merchantability in marketing, advertising and promoting their

beverages as "100% NATURAL."

f. A declaration that Defendants have been unjustly enriched by their unlawful practices.

g. An Order enjoining Defendants from marketing, advertising and promoting their beverages as "100% NATURAL" so long as they contain HFCS.

h. An Order directing Defendants to disgorge profits derived from their unlawful practices and to pay restitution to Plaintiff and all members of the Class.

i. An Order compelling Defendants to reimburse Plaintiff and all members of the Class in an amount equal to their ascertainable loss as described above.

j. An Order directing Defendants to pay treble damages based upon the above said violations of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1 et seq.

k. An Order directing Defendants to pay attorneys fees and costs associated with this litigation.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein stated.

WILENTZ, GOLDMAN & SPITZER P.A.

By: _____
Lynne M. Kizis, Esq.
Philip A. Tortoreti, Esq.
Daniel R. Lapinski, Esq.
90 Woodbridge Center Drive
Woodbridge, NJ 07095
(732) 855-6066

#3881401                                   15

Michael Halbfish, Esq.
TUNNEY & HALBFISH, ESQS.
245 Main Street
Woodbridge, New Jersey  07095
(732) 636-4900


*Attorneys for Plaintiff Lauren Coyle and the Proposed Class*

DATED:   July 31, 2009

#3881401                                                    16