IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

LAUREN COYLE, on behalf of
herself and all others
similarly situated,

                Plaintiff,

        v.

HORNELL BREWING CO., et al.,

                Defendants.

---

HON. JEROME B. SIMANDLE

Civil No. 08-2797 (JBS/JS)


**OPINION**


APPEARANCES:

Daniel R. Lapinski, Esq.
Philip A. Tortoreti, Esq.
WILENTZ, GOLDMAN & SPITZER
90 Woodbridge Center Drive
Woodbridge, NJ 07095
        -and-
Michael D. Halbfish, Esq.
LAW OFFICE OF MICHAEL D. HALBFISH, ESQ.
255 Old New Brunswick Road, South Tower, Ste. 120-S
Piscataway, NJ 08854
        Attorneys for Plaintiff

Robert P. Donovan, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102
        Attorney for Defendants

**SIMANDLE**, District Judge:

## I.    INTRODUCTION

This matter is before the Court upon the motion of Plaintiff

Lauren Coyle for reconsideration of the Court's Order denying

Plaintiff's motion for class certification.  [Docket Item 144.]

In the Court's May 26, 2011 Opinion and Order [Docket Items 137 &

138], the Court denied class certification on two independent

grounds: first, that Plaintiff herself had not demonstrated her

adequacy to represent a class of purchasers of Defendants'

products within the meaning of Rule 23(a)(4), Fed. R. Civ. P.,

and second, that Plaintiff had not demonstrated her counsel's

adequacy to represent the class also under Rule 23(a)(4).

Plaintiff seeks reconsideration of both determinations, and

argues that the Court should therefore certify the proposed

class.  The Court has reconsidered.  While the Court agrees with

Plaintiff that its conclusion regarding Plaintiff's counsel was

in error, the Court is not persuaded that its determination

regarding the adequacy of Plaintiff herself was in error, and the

Court will therefore again deny Plaintiff's motion for class

certification.


**II.   BACKGROUND**

     On August 9, 2007, Plaintiff Lauren Coyle signed an

agreement retaining attorney Michael D. Halbfish, Esq. to

represent her in a putative class action against Defendants

Hornell Brewing Co. and Arizona Beverage Company for "deceptive

business practices" related to the use of the word "natural" to

describe products that contain the sweetener high fructose corn
syrup ("HFCS").  Donovan Decl. Ex. C, attached to Defs.' Opp. to
Mot. to Certify, Docket Item 125.

Approximately eight months later, Plaintiff filed this
putative class action in the Atlantic County Superior Court on
April 21, 2008; Defendants subsequently removed the action to
this Court on June 5, 2008.  [Docket Item 1.]  In Plaintiff's
original Complaint, and in her two subsequent Amended Complaints,
she alleges that a mere three weeks prior to filing her
Complaint, on March 30, 2008, and on several unspecified dates
previously, she was deceived into purchasing an Arizona brand
beverage that had been labeled "All Natural" but that contained
HFCS, which she believes is not a natural ingredient.  Second Am.
Compl. ¶¶ 42-46.

On December 15, 2010, Plaintiff sought class certification
of her claims for injunctive relief under the New Jersey Consumer
Fraud Act ("NJCFA").  The Court denied Plaintiff's motion in an
Opinion and Order on May 26, 2011.  The Court found that
Plaintiff was susceptible to unique defenses regarding her
credibility as a result of her repeated allegations in pleadings
and in certified discovery materials that she made her qualifying
purchase of Defendants' product on March 30, 2008, despite the
fact that she had retained an attorney to represent her in this

action under the NJCFA in August of 2007.  Consequently, the
Court concluded that she was not an adequate class representative
under Fed. R. Civ. P. 23(a)(4).  Additionally, the Court found
that the adequacy of Plaintiff's counsel to represent the
proposed class was called into question by the existence of
Plaintiff's oft-repeated discrepancies in her pleadings and
discovery materials, which alleged she was misled by the
Defendants' labeling in the sole documented purchase in 2008,
providing an alternative basis to deny class certification for
failure to satisfy Rule 23(a)(4).

    The Court did not, at the time of its denial of class
certification, conduct an evidentiary hearing on the factual
question of whether Plaintiff did, in fact, purchase Defendants'
product on March 30, 2008 as originally and separately alleged.
Thus, the Court did not make any factual finding on whether
Plaintiff's Complaint merely contained an erroneous date, or
whether, instead, Plaintiff purchased Defendants' product for the
sole purpose of bringing this lawsuit, feigning confusion about
her only documented purchase of the product in question many
months after she retained attorney Michael D. Halbfish to
represent her.

    Plaintiff seeks reconsideration of the Court's decision to
deny class certification on both grounds because, she argues,

4

contrary controlling decisions of law were overlooked by the
Court in reaching its conclusion.

## III.  DISCUSSION

### A.  Standard

Local Civil Rule 7.1(i) permits a party to seek
reconsideration by the Court of matters "which [it] believes the
Court has overlooked" when it ruled on the motion.  L. Civ. R.
7.1(i); see NL Industries, Inc. v. Commercial Union Insurance,
935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for
reconsideration is high and is to be granted only sparingly.  See
United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The
movant has the burden of demonstrating either: "(1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court [issued its
order]; or (3) the need to correct a clear error of law or fact
or to prevent manifest injustice." Max's Seafood Cafe v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins.
Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).
The Court will grant a motion for reconsideration on the basis of
the need to correct a clear error only where its prior decision
has overlooked a factual or legal issue that may alter the
disposition of the matter. United States v. Compaction Sys.

5

Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999); see also L.Civ.R.
7.1(i).

Plaintiff argues that clear errors of law are present in
both the Court's determination that Plaintiff's adequacy was
undermined by her credibility concerns as well as the Court's
determination that Plaintiff's counsel's adequacy was undermined
by the repeated oversights in permitting the inaccurate pleadings
and discovery documents to be submitted.  Because the Court
concluded that each was an independent and alternative reason to
deny class certification, in her instant motion for
reconsideration, Plaintiff must, at the very least, prevail in
demonstrating clear error in both grounds in order to alter the
disposition of the matter.

**B.  Plaintiff's Adequacy**

With regard to the Court's conclusion that Plaintiff's
adequacy as a class representative was undermined by her
credibility concerns, the Court found that Plaintiff was subject
to unique defenses that would not be shared by other class
members because she pleaded and certified that her qualifying
purchase of Defendants' product was made in 2008, after she had
concluded that Defendants' product contained HFCS and had
retained a lawyer to assist her in bringing suit against
Defendants.  The Court concluded that

6

> To certify a class with Ms. Coyle as the sole
> representative, under these highly
> questionable circumstances, risks the
> distinct possibility that the class could
> fail in its claim because its representative
> will be unable to prove she made a qualifying
> purchase. This would not be fair to class
> members who may individually have meritorious
> claims.

Coyle v. Hornell Brewing Co., Civ. No. 08-2797, 2011 WL 2147218 at *5 (D.N.J. May 26, 2011). Thus, the Court concluded that, even assuming that Plaintiff merely misstated the date of her qualifying purchase in her Complaint (and subsequent amended complaints and discovery materials), the fact of her repeated allegations alone raised a credibility concern sufficient to deny certification on the basis of her adequacy as class representative.

Plaintiff argues first that, to be disqualified as a class representative on adequacy grounds, the Court must find that not only could Plaintiff be subject to unique defenses, but that such unique defenses "could conceivably become the focus of the entire litigation." Zenith Labs, Inc. v. Carter-Wallace, Inc., 530 F.2d 508, 512 (3d Cir. 1976).

Plaintiff then argues that any defenses that she would face as a result of the credibility problems identified by the Court could not become the focus of the entire litigation because, under New Jersey precedent, it would be possible for her to

7

prevail on her claim for injunctive relief under the NJCFA even if the eventual factfinder concluded that she had not personally suffered an ascertainable loss.  For this proposition, Plaintiff cites Weinberg v. Sprint Corp., 173 N.J. 233 (2002).

The Court finds Plaintiff's argument to be unavailing for several reasons.  First, the Court notes that the case cited by Plaintiff for the proposition that a plaintiff must face unique defenses that could become the "focus of the entire litigation" (and, indeed, the proposition itself) is raised for the first time in her motion for reconsideration.  See Feit v. Great-West Life & Ann. Ins. Co., 460 F. Supp. 2d 632, 643 (D.N.J. 2006) ("matters may not be introduced for the first time on a reconsideration motion").

Second, the Court concludes that, even were it to be considered here, Zenith does not stand for the proposition claimed by Plaintiff.  In Zenith, the Third Circuit affirmed the decision of a district court's de-certification order which concluded that the plaintiff was an inadequate class representative because plaintiff was subjected to unique defenses that could become the focus of the entire litigation.  530 F.2d at 512.  Zenith did not hold, however, that the only defenses that will disqualify a named plaintiff on adequacy grounds are

8

those which could become the focus of the entire litigation.[1]
Indeed, the Court concluded to the contrary in its May 26
Opinion, citing to Karnuth v. Rodale, Inc., Civ. No. 03-742, 2005
WL 747251 at *3 (E.D. Pa. Mar. 30, 2005) for the proposition that
"[t]o deny certification, a court need not conclude that
credibility problems would ultimately defeat the class
representative's claim; rather, the court may deny class
treatment if that unique defense is even arguably present."

Additionally, the Court disagrees with Plaintiff's
contention that the unique credibility defenses could not become
the focus of the litigation in this matter.  Plaintiff cites to
Weinberg, quoting dicta in the opinion that states that "even if
the plaintiff ultimately loses on his damage claim but does prove
an unlawful practice under the [New Jersey Consumer Fraud] Act"
the plaintiff might still recover on an injunctive relief claim.
Weinberg, 173 N.J. at 253.  However, the Court notes that this
language in the Weinberg opinion was merely distinguishing the
issue then facing the court from the earlier case of Cox v. Sears
Roebuck & Co., 138 N.J. 2 (1994).  The proposition cited by
Plaintiff is merely recited by the Weinberg court, but is not the
holding.

---

[1] The Court can find no controlling authority for such a
proposition.

9

> [I]n <u>Cox</u> we suggested that a plaintiff who reaches the factfinder on a claim of ascertainable loss and succeeds in proving an unlawful practice but does not succeed in proving damages, should be eligible nonetheless to recover attorneys' fees for bringing the action [and, by implication, injunctive relief].

<u>Weinberg</u> at 253.

The court went on to distinguish the case it was presently facing, however, stating that

> [t]he question now squarely before us is whether a plaintiff, who pleads but cannot survive a motion for summary judgment in respect of the issue of ascertainable loss, may proceed with remaining claims for injunctive relief and attorney's fees under the Act. We hold that that plaintiff cannot go forward.

<u>Id.</u> The Court finds that this holding squarely supports its conclusion that the unique credibility defenses facing Plaintiff Coyle in the instant matter could become the focus of the entire litigation.

The Court notes that Plaintiff has not survived summary judgment on the issue of ascertainable loss, and, were the case to go forward with only the evidence currently in the record, Plaintiff would have great difficulty surviving such a motion. The only evidence in the record currently raising a dispute of fact over whether Plaintiff made her sole qualifying purchase of Defendants' product prior to hiring an attorney to file suit in

10

this matter is contained in a Declaration submitted in April of
2010 after Defendants argued that Plaintiff had, on five prior
occasions, alleged that she made the qualifying purchase on March
30, 2008, which happens to be more than seven months after she
retained Mr. Halbfish.  Defendants have persuasively argued that
this declaration could be disregarded on a summary judgment
motion as a "sham affidavit."  See <u>Jiminez v. All Am.
Rathskeller, Inc.,</u>503 F.3d 247, 254 (3d Cir. 2007).  With a
record showing no dispute of fact that Plaintiff's only
qualifying purchase of Defendants' product took place after
Plaintiff herself knew and had concluded that the product was not
"all natural," Plaintiff's entire action would be vulnerable to a
motion for summary judgment on the issue of ascertainable loss,
which would prevent Plaintiff (and the class she would seek to
represent) from pursuing even injunctive relief according to
<u>Weinberg</u>.

     At this juncture, the Court is not called upon to decide a
future summary judgment motion but rather to predict whether it
is likely that the predicament this proposed class representative
has created for herself could become a major focus of this case
in a manner distinguishing her from the class she would represent
and imperiling the rights of putative class members.  Without
doubt, determining whether this Plaintiff made her purchase of

Defendants' product on the date she repeatedly claimed, after she had retained a lawyer to file suit, would become a major focus and quite probably a show-stopper for this class.  Thus, the Court concludes that Plaintiff is incorrect that the unique defenses identified by the Court are not likely to become the focus of the entire litigation.

Additionally, Plaintiff argues that the Court wrongly denied class certification on the basis of adequacy because the Court had discretion to instead certify the class and permit Plaintiff's counsel to substitute a different named plaintiff who would not face such adequacy problems.  Again, the Court notes that this proposition was not presented to the Court prior to its May 26 Opinion, and is not supported by any controlling law in Plaintiff's brief.  The argument therefore fails to meet the burden of demonstrating that the Court's decision overlooked a legal issue of controlling law that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345.  The Court therefore concludes that it will not grant reconsideration to Plaintiff on the issue of Plaintiff's adequacy to serve as class representative.

### C.  Plaintiff's Counsel's Adequacy

In addition to finding that Plaintiff had not satisfied the requirements of Rule 23(a)(4) herself, the Court also concluded,

12

as an independent basis for denying Plaintiff's motion to
certify, that under Rule 23(a)(4), the adequacy of Plaintiff's
counsel was undermined as a result of Plaintiff's repeated
pleadings and certified discovery responses including the March
30, 2008 allegation.  In the instant motion, Plaintiff seeks
reconsideration of this finding, arguing that the Court
overlooked contrary, controlling law in its conclusion.

Plaintiff first argues that the Court erred by not
evaluating the adequacy of Plaintiff's counsel under the
standards of Rule 23(g), Fed. R. Civ. P., citing Sheinberg v.
Sorensen, 606 F.3d 130, 132 (3d Cir. 2010).  In Sheinberg, the
district court denied class re-certification because it found
that the plaintiff had not demonstrated that its newly appointed
class counsel was adequate under Rule 23(a)(4).  Id.

The Third Circuit vacated the order, finding that the
district court erred by not considering the adequacy of the
plaintiff's proposed class counsel under the factors of Rule
23(g), which govern the appointment of proposed class counsel
after a class has been certified.  Id. at 133.  Thus, while
Sheinberg does not directly address whether the Rule 23(g)
factors are to be considered when evaluating the adequacy of
class counsel prior to the certification of a class, the language
of the opinion can be read to apply in such a circumstance.  See

id. at 132-33 ("Although questions concerning the adequacy of
class counsel were traditionally analyzed under the aegis of the
adequate representation requirement of Rule 23(a)(4) of the
Federal Rules of Civil Procedure, those questions have, since
2003, been governed by Rule 23(g). . . . We have accordingly
reviewed the provisions of Rule 23(g) at length in order to
remind those handling class actions that its standards now govern
the appointment of, and questions concerning the adequacy of,
class counsel.")  Consequently, the Court will reevaluate the
adequacy of Plaintiff's counsel under the Rule 23(g) factors.[2]

Under Fed. R. Civ. P. 23(g)(1)(A), the Court is directed to
consider

> (i) the work counsel has done in identifying
> or investigating potential claims in the
> action;
> (ii) counsel's experience in handling class
> actions, other complex litigation, and the
> types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable
> law; and
> (iv) the resources that counsel will commit
> to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

––––––––––––––––––––

[2] While Plaintiff did not raise the issue of assessing
Plaintiff's counsel's adequacy under Rule 23(g) or the Sheinberg
case in the briefing on the motion to certify, the Court will
consider the issue on this motion for reconsideration because the
adequacy of Plaintiff's counsel was not contested by Defendants
and Plaintiff's counsel was not given a full opportunity to brief
the issue.

14

Plaintiff presents a history of the vigorousness and competence with which Plaintiff's counsel has prosecuted this case and similar cases that testify to the adequacy of Plaintiff's counsel to act as class counsel and litigate class actions.  Plaintiff additionally argues that, in the context of this overwhelming evidence of competence, the inadvertent inclusion of an incorrect date in the original Complaint, which was replicated though discovery and subsequent Amended Complaints, does not outbalance the lengthy list of accomplishments demonstrating adequacy of Plaintiff's counsel in this case under the Rule 23(g) factors.  See Sheinberg, 606 F.3d at 134 (noting that, under Rule 23(g) factors, "[n]ot every mistake by counsel, however, inexorably prejudices class interests.").

The Court finds this argument persuasive.  It is clear that Plaintiff's counsel made a serious error by either (a) prosecuting this NJCFA case based upon a purchase that did not occur until after this consumer had already retained counsel, or (b) continually misstating the date of purchase, in pleadings, amended pleadings and discovery responses, as March 30, 2008, when that date was erroneous.  Counsel's error, if of the second type, while serious and material, is outweighed by Plaintiff's counsel's otherwise positive record under the Rule 23(g) factors.

15

The "error" does not overbalance the efforts taken by Plaintiff's counsel to investigate claims in this action, counsel's experience in litigating class actions, counsel's knowledge of the applicable law, and the resources Plaintiff's counsel has demonstrated they are willing to commit to representing the putative class.

By contrast, had the Court actually made the factual finding that the purchase date originally alleged was, in fact, accurate, and the purchase was made at the direction of Plaintiff's counsel for the sole purpose of bringing this lawsuit, the Court's conclusion that such actions by counsel undermined adequacy would be the same regardless of whether Rule 23(a)(4) or Rule 23(g) governed the decision, because such collusion by counsel to manufacture a case or controversy would have required a sham pleading.  In the absence of this factual finding, however, the Court will assume the allegation was merely an error, albeit a serious one, that does not independently render Plaintiff's counsel inadequate to represent a class, given the relevant factors under Rule 23(g).

The Court, therefore, concludes that its denial of class certification on the independent basis of Plaintiff's counsel's adequacy was incorrect on the record before it and under the factors of Rule 23(g).  The Court will therefore strike the

16

discussion of adequacy of class counsel in its Opinion of May 26, 2011 at pages 15-16, and find instead that upon the present record, there is an insufficient basis to find that Plaintiff's counsel would be inadequate under Rules 23(a)(4) and 23(g). However, as the Court has concluded that reconsideration of its determination to deny class certification on the basis of Plaintiff's adequacy under Rule 23(a)(4) is not warranted, the Court must deny Plaintiff's motion for reconsideration and again denies class certification.

## IV.  CONCLUSION

While the Court has reconsidered its conclusion that Plaintiff's counsel was inadequate, the Court finds that Plaintiff has not presented any valid reason to warrant reconsideration of the determination that she has failed to prove that she will adequately represent the proposed class. Consequently, the Court must deny Plaintiff's motion for class certification in this case because Plaintiff Lauren Coyle fails to meet the requirements of Rule 23(a).  The accompanying Order will be entered.


**August 30, 2011**                         **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge

17