# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN COYLE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HORNELL BREWING CO.; FEROLITO VULTAGGIO & SONS; ARIZONA BEVERAGE COMPANY, LLC, BEVERAGE MARKETING, USA, INC., and ARIZONA BEVERAGES USA, LLC,<br><br>Defendants. | Honorable Jerome B. Simandle, U.S.D.J.<br><br>Civil Action No. 08-2797-JBS-JS |

## PLAINTIFF LAUREN COYLE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS MATTER, WITH PREJUDICE, PURSUANT TO RULE 41(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Ste. 900
Woodbridge, New Jersey 07095
(732) 636-8000

LAW OFFICE OF MICHAEL D. HALBFISH, ESQ.
255 Old New Brunswick Road
South Tower, Ste. 120-S
Piscataway, New Jersey 08854
(732) 562-8860

On The Brief:
Daniel R. Lapinski, Esq.

# TABLE OF CONTENTS

**PAGE**

I.   PRELIMINARY STATEMENT ................................................................1

II.  FACTUAL BACKGROUND .................................................................1

III. PROCEDURAL BACKGROUND .............................................................2

IV.  RELATED BACKGROUND.................................................................5

V.   ARGUMENT.............................................................................7

    a.   The Court Should Grant Plaintiff's Request For Dismissal With Prejudice..............................................................................7

    b.   Plaintiff's Motion To Dismiss Should Be Granted Without An Assessment Of Costs...........................................................................8

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Alyeska Pipeline Service Co. v. Wilderness Society,*
421 U.S. 240, 95 S. Ct. 1612 (1975)...............................................................................8

*Burnham v. WMC Mort. Corp.,*
2011 U.S. Dist. LEXIS 32739 (D.N.J. Mar. 29, 2011).....................................................9

*Colombrito v. Kelly,*
764 F.2d 122 (2d Cir. 1985).....................................................................................8, 9

*D.C.G. v. Wilson Area School District,*
2009 U.S. Dist. LEXIS 26446 (E.D. Pa. Mar. 27, 2009) ...............................................7

*Degussa Admixtures, Inc. v. Burnett,*
471 F. Supp. 2d. 848 (W.D. Mich. 2007) .................................................................8, 9

*Food Sciences Corp. v. Nagler,*
2011 U.S. Dist LEXIS 58831 (D.N.J. June 2, 2011)......................................................10

*Hoffman-La Roche v. Gempharm, Inc.,*
50 F. Supp. 2d 367 (D.N.J. 1999).................................................................................7

*Holk v. Snapple,*
575 F.3d 329 (3d Cir. 2009).........................................................................................4

*In re Paoli R. Yard PCB Litig.,*
916 F.2d 829 (3d Cir. 1990)..........................................................................................7

*In re: Tutu Wells Contamination Litig.,*
994 F. Supp. 638 (D.V.I. 1998) ..........................................................................8, 9, 10

*Lombarski v. Cape May County,*
2011 U.S. Dist. LEXIS 36759 (D.N.J. Apr. 5, 2011)..................................................7, 10

*Northwestern Corp. v. Magten Asset Mgmt. Corp.,*
326 B.R. 519 (D. Del. 2005)..........................................................................................9

# TABLE OF AUTHORITIES (cont'd)

**PAGE**

*Ockert v. Union Barge Line Corp.*,
190 F.2d 303 (3d. Cir. 1951)............................................................................7

*Pappas v. Township of Galloway*,
565 F. Supp. 2d 581 (2008) ............................................................................7

*Sokoloff v. G.N.C.*,
2001 U.S. Dist. LEXIS 6654  (D.N.J. May 21, 2001)......................................10

**Federal Rules**

Fed. R. Civ. P. 41 ............................................................................................7

## I.   PRELIMINARY STATEMENT

Plaintiff, Lauren Coyle, through her counsel, submits the following Memorandum of Law in Support of Motion to Dismiss Matter, With Prejudice, Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. As outlined more fully herein, as a result of the Court's May 31, 2011 Opinion and Order denying Plaintiff's motion for class certification and the subsequent August 30, 2011 Opinion and Order granting in part Plaintiff's motion for reconsideration but denying class certification, the burden and expense of continuing the present litigation far outweighs the amount in controversy in this matter. As such, Plaintiff respectfully requests that this Court dismiss the pending matter with prejudice, each party to bear their own costs.

## II.   FACTUAL BACKGROUND

Defendants Hornell Brewing Co. ("Hornell"), Ferolito, Vultaggio & Sons ("FV&S"), AriZona Beverage Company LLC ("AriZona"), Beverage Marketing USA, Inc. ("BMU"), and AriZona Beverages USA LLC ("ABU") (collectively "Defendants"), at all relevant times, have been responsible for the manufacture, marketing, advertising and sale of Arizona Brand beverages to consumers throughout the State of New Jersey. Throughout its history, and throughout the relevant time period, Defendants have uniformly represented to consumers that their Arizona Brand beverages are "natural," despite the fact they contain high

fructose corn syrup ("HFCS"), a highly processed and unnatural ingredient. Defendants have done so on their website by consistently referring to their Arizona Brand beverages as being made from all natural ingredients, and by prominently displaying the representation of "natural" on every beverage label. To this day, Defendants continue to make the uniform misrepresentation on their beverages.

Plaintiff, Lauren Coyle, is and at all relevant times hereto has been a resident of the State of New Jersey. At various times between 2002 and 2007, Plaintiff Coyle purchased Arizona Brand beverages. Each time Plaintiff purchased an Arizona Brand beverage, she did so with the belief that the beverage was natural. Further, at the time of each purchase of an Arizona Brand beverage, Plaintiff was willing to and did pay a premium price for the Arizona Brand beverage she believed to be natural. However, as compared to receiving a product that was natural, each time Plaintiff purchased an Arizona Brand beverage she received something less that what she paid for – a product that was not natural because it contained unnatural ingredients.

## III.   PROCEDURAL BACKGROUND

On April 21, 2008, Plaintiff filed an original action in the Superior Court of New Jersey, Atlantic County vicinage, alleging that Defendants improperly marketed, advertised and promoted Arizona Brand beverages as 100% natural when, in fact, the beverages contain HFCS. Plaintiff claimed that she and other

members of the putative Class paid a premium price for their Arizona Brand beverages because they were improperly led to believe that Defendants' beverages were 100% natural. Plaintiff asserted causes of action for violation of the New Jersey Consumer Fraud Act, breach of express warranty, breach of implied warranty and unjust enrichment. On June 5, 2008, following the state court filing of the Complaint, Defendants removed the case to this Court. (Doc. No. 1).

On September 24, 2008, after Plaintiff withdrew a pending motion to remand (Doc. No. 18), Defendants filed a motion to stay this matter, arguing that Defendants would be forced to engage in extremely expensive and time-consuming discovery, absent a stay. (Doc. No. 20). Following briefing and oral argument, Magistrate Judge Schneider entered an Order on November 5, 2008, finding in favor of Plaintiff and denying Defendants' motion.

On September 12, 2008, Defendants filed the first of several unsuccessful motions to dismiss. (Doc. No. 19). In initially seeking dismissal Defendants argued that Plaintiff's claims were preempted by federal law and, in the alternative, that Plaintiff failed to state claims upon which relief could be granted. After the matter was fully briefed and argued this Court, on February 27, 2009, entered an Order reserving decision upon Defendants' motion to dismiss pending determination of the appeal of the order of dismissal in *Holk v. Snapple*, 574 F.Supp. 2d 447 (D.N.J. 2008), that was pending before the Third Circuit Court of

Appeals. As observed by the Court, the *Holk* appeal would be dispositive of the issues raised by Defendants' motion to dismiss. On August 12, 2009, the Third Circuit reversed the dismissal of *Holk* and remanded the matter to the district court for further proceedings. *See Holk v. Snapple*, 575 F.3d 329, 342 (3d Cir. 2009). As it relates to the present matter, the Third Circuit's decision in *Holk* mooted Defendants' preemption arguments previously raised in their motion to dismiss.[1]

On January 28, 2010, Defendants filed yet another motion to dismiss, arguing that this matter should be dismissed pursuant to the doctrine of primary jurisdiction, and Plaintiff's claims referred to the Food and Drug Administration. Defendants, again, also argued that Plaintiff's claims should be dismissed for failure to state a claim. (Doc. No. 93). Plaintiff's counsel filed an opposition to Defendants' motion (Doc. No. 99) and, after the matter was fully briefed, this Court again denied Defendants' motion by Order dated June 15, 2010. (Doc. No. 115).[2]

---

[1] On July 31, 2009, after Plaintiff discovered that Defendants had failed to disclose Defendant BMU as Hornell's parent corporation in their initial Corporate Disclosure Statement (Document No. 2), Plaintiff filed her First Amended Complaint wherein BMU was first identified as a Defendant (Document No. 72).

[2] Although this Court denied Defendants' motion to dismiss, it did stay the action for a period of six months from the entry of the Order for referral to the United States Food and Drug Administration. (Doc. No. 118). The aforementioned stay was lifted by Order dated September 23, 2010. (Doc. No. 119).

On December 15, 2010, Plaintiff filed a motion to certify this action as a class action. (Doc. No. 123). In so moving, Plaintiff sought to have this action certified as a class pursuant to Fed. R. Civ. P. 23(b), seeking to enjoin Defendants' from the continued misrepresentation of their products as natural. On May 31, 2011, following briefing and oral argument, this Court entered its Opinion and Order denying Plaintiff's motion for class certification. (Doc. Nos. 137 and 138, respectively). In so denying, the Court found that "Plaintiff's factual inconsistencies raise sufficiently grave credibility problems as to prevent her from serving as an adequate class representative." (Doc. No. 137 at 12).

On June 14, 2011, Plaintiff moved for reconsideration of the Court's denial of class certification. (Document No. 144) After the parties fully briefed the matter this Court, by Opinion and Order dated August 30, 2011, granted Plaintiff's motion for reconsideration, in part, but still denied class certification. (Document Nos. 157 and 157). As a result of this ruling, Plaintiff may only assert her individual damage claims against Defendants.

## IV.   RELATED BACKGROUND

On April 13, 2011, Steven Robinson filed a cause of action in this Court against the same Defendants. (*Robinson v. Hornell, et al.*, Case No. 1:11-cv-02183-JBS-JS). The allegations in the *Robinson* complaint are nearly identical to the claims filed by Plaintiff, Lauren Coyle. In both actions, the plaintiffs seek

declaratory and injunctive relief on behalf of a putative class and seek to enjoin Defendants from marketing, advertising and promoting their beverages as 100% Natural so long as the beverages contain HFCS. (Doc. No. 19).[3]

On June 30, 2011, Magistrate Judge Schneider held a joint in-person status conference related to both this and the *Robinson* matter. At the conference the Court ordered that all discovery related to the this matter be deemed applicable to the *Robinson* matter. As a result, the work and resources expended by Defendant during this litigation will be easily carried over to the *Robinson* litigation. In addition, the Court questioned the wisdom of permitting additional discovery in this matter as, pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), the burden and expense of proposed ongoing discovery would likely outweigh the small amount of damages that remained in controversy following denial of class certification.

On September 8, 2011, approximately one-week after this Court denied Plaintiff's motion for reconsideration, counsel for Plaintiff proposed that the parties stipulate to the dismissal of this matter, with prejudice and without costs, pursuant to Fed. R. Civ. P. 41(a)(1)(a)(ii). Two-weeks later, following Defendants' failure to respond to Plaintiff's proposal, Plaintiff again proposed a

---

[3]    Plaintiff's Second Amended Complaint is the current operative Complaint in the *Robinson* litigation.

#3941050 (151149.002)                                        6

stipulated dismissal. On September 26, 2011, Defendants finally advised that they did not wish to so stipulate. The present motion followed in short order.

## V.   ARGUMENT

### a.   The Court Should Grant Plaintiff's Request For Dismissal With Prejudice

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he grant or denial of a voluntary dismissal without prejudice is a matter of judicial discretion." *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d. Cir. 1951). *See also Hoffman-La Roche v. Gempharm, Inc.*, 50 F. Supp. 2d 367, 371 (D.N.J. 1999); *D.C.G. v. Wilson Area School District*, 2009 U.S. Dist. LEXIS 26446, *9 (E.D. Pa. Mar. 27, 2009). A liberal policy has been adopted by this Circuit and Rule 41(a)(2) "motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 864 (3d Cir. 1990). *See also Pappas v. Township of Galloway*, 565 F. Supp. 2d 581, 594 (2008) (recognizing the view of the Court of Appeals that Rule 41(a)(2) motions should be granted liberally); *Hoffman-La Roche*, 50 F. Supp. 2d at 371 (noting that generally, dismissal is allowed unless the defendant will suffer some plain legal prejudice); *Lombarski v. Cape May County*, 2011 U.S. Dist. LEXIS 36759, *9 (D.N.J. Apr. 5, 2011) ("courts have followed the principle that

dismissal should be allowed unless the defendant will suffer some plain legal prejudice." (citations omitted)).

In the present matter, because Plaintiff seeks dismissal of her cause of action *with prejudice*, thereby definitively ending her right to pursue action against Defendants, Plaintiff's motion should be granted. *See Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d. 848, 851 (W.D. Mich. 2007) ("It is generally considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice.

### b.   Plaintiff's Motion To Dismiss Should Be Granted Without An Assessment Of Costs

"[U]nder the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 1612 (1975)). "[W]hen a lawsuit is voluntarily dismissed with prejudice under FED. R. CIV. P. 41(a)(2), attorney's fees ordinarily are not available." *Degussa*, 471 F. Supp. 2d at 852. The purpose of an award of costs "is to compensate defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *In re: Tutu Wells Contamination Litig.*, 994 F. Supp. 638, 653 (D.V.I. 1998).[4]

---

[4]   Although *In re: Tutu* is distinguishable from this matter because plaintiffs sought dismissal without prejudice, it is similar in that the district court refused to

"The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial." *Colombrito*, 764 F.2d at 134 (reversing award of fees in matter dismissed, with prejudice, pursuant to Rule 41(a)(2)). *See also Burnham v. WMC Mort. Corp.*, 2011 U.S. Dist. LEXIS 32739, *7 (D.N.J. Mar. 29, 2011) (granting motion for reconsideration and amending prior order to a dismissal with prejudice, *with costs borne by each party themselves*, rather than subjecting defendant to the uncertainty and expense inherent in a case that is not final).[5]

"Rule 41(a)(2) does not grant independent authority for awarding costs solely on the basis of vexatious litigation." *Degussa*, 471 F. Supp. 2d at 853. Instead, "when a plaintiff moves to dismiss with prejudice, attorney's fees can be granted only when exceptional circumstances call for their allowance in order to do justice." *Northwestern Corp. v. Magten Asset Mgmt. Corp.*, 326 B.R. 519, 524 (D.

---

assess fees or costs against certain defendants due in part to the fact that defendants "were also not passive litigants... Instead, they took the offensive and incurred costs..." *In re: Tutu*, 994 F. Supp. at 654. In the present matter, the majority of time and expense incurred by both parties has been directly related to Defendants' largely unsuccessful motion practice.

[5] In *Burnham*, this Court granted dismissal with prejudice and without costs where "the present action had been before this Court for three years, and all discovery, including depositions, were completed at considerable expense to Defendant." *Burnham*, 2011 U.S. Dist. LEXIS 32739 at *7.

Del. 2005).  *See also Food Sciences Corp. v. Nagler*, 2011 U.S. Dist LEXIS 58831, *6 (D.N.J. June 2, 2011) (Refusing to condition dismissal on payment of fees and costs and recognizing that many courts "have held that a court cannot impose fee-shifting conditions on voluntary dismissal with prejudice absent extraordinary circumstances beyond the mere dismissal with prejudice of a claim that was frivolous."); *Sokoloff v. G.N.C.*, 2001 U.S. Dist. LEXIS 6654, *7-8 n. 2 (D.N.J. May 21, 2001) (recognizing that an award of fees and costs is not appropriate under Rule 41(a)(2) when action is dismissed with prejudice).

In the present matter there are no exceptional circumstances warranting an award of attorney's fees or costs.  Instead, because the discovery in this matter has been deemed applicable to the *Robinson* matter, an assessment of fees or costs should not even be considered.  *See Lombarski*, 2011 U.S. dist. LEXIS 36759 at *13-14 (finding no basis for assessment of fees or costs where the work and resources expended to date during the litigation are easily carried over to another cause of action); *In re: Tutu*, 994 F. Supp. at 654 (refusing to award fees and recognizing that "defendants would have been required to prepare to defend their clients and read roughly the same amount of material to get up to speed.").

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion to dismiss, with prejudice, each party to bear their own costs.

Dated:        October 3, 2011

Respectfully submitted,

Daniel R. Lapinski
Lynne M. Kizis
Philip A. Tortoreti
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Ste. 900
Box 10
Woodbridge, New Jersey 07095
(732) 636-8000

Michael D. Halbfish
LAW OFFICE OF MICHAEL D.
HALBFISH, ESQ.
255 Old New Brunswick Road
South Tower, Ste. 120-S
Piscataway, New Jersey  08854
(732) 562-8860

#3941050 (151149.002)                    11