# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN COYLE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HORNELL BREWING CO., FEROLITO VULTAGGIO & SONS, ARIZONA BEVERAGE COMPANY, LLC, BEVERAGE MARKETING USA, INC. and ARIZONA BEVERAGES USA LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-2797 JBS-JS |

---

**DEFENDANTS' MEMORANDUM OF LAW: (1) IN RESPONSE TO PLAINTIFF'S MOTION TO DISMISS ACTION WITHOUT AN AWARD OF FEES OR COSTS TO DEFENDANTS; AND (2) IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR AN AWARD OF COSTS**

---

Robert P. Donovan, Esq.
Lewis H. Goldfarb, Esq.
(*Admitted Pro Hac Vice*)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center, 100 Mulberry Street
Newark, New Jersey 07102
(973) 622-7711
Attorneys for Defendants

Robert P. Donovan, Esq.
Matthew M. Adams, Esq.
On the Brief

# **TABLE OF CONTENTS**

**INTRODUCTORY STATEMENT** ................................................................................ 1

**STATEMENT OF PERTINENT FACTUAL AND PROCEDURAL BACKGROUND** ....... 3

    **A.**    **Discovery From Plaintiff Proves Allegations Were False** ........................... 3

    **B.**    **Plaintiff's Sham Affidavit** ........................................................................ 5

    **C.**    **Plaintiff's Motion for Class Certification** ................................................ 6

    **D.**    **Oral Argument On Class Certification Motion** ......................................... 6

    **E.**    **Robinson Complaint** ................................................................................ 7

    **F.**    **Plaintiff Coyle's Second Amended Complaint** ......................................... 7

    **G.**    **Denial of Class Certification** .................................................................... 8

    **H.**    **Plaintiff Coyle Continues to Litigate Case** ............................................... 8

**LEGAL ARGUMENT** ........................................................................................... 10

    **I.**    **DISMISSAL OF THE SAC SHOULD BE WITH PREJUDICE AND WITH COSTS UNDER RULE 54** ............................................................. 10

    **II.**    **PLAINTIFF HAS THE BURDEN TO SHOW COSTS SHOULD NOT BE AWARDED UNDER RULE 54 AND HAS FAILED TO SET FORTH ANY GROUNDS TO SATISFY THIS BURDEN** ......................................... 12

**CONCLUSION** .................................................................................................. 17

#1673844

# TABLE OF AUTHORITIES

## CASES

*Aerotech, Inc v. Estes*,
110 F.3d 1523 (10th Cir. 1997) .................................................................. 13

*In re Baby Food Antitrust Litig.*,
166 F.3d 112 (3d Cir. 1999) ...................................................................... 12

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.*,
532 U.S. 598 (2001) .................................................................................. 11

*Interdigital Tech. Corp v. Oki America, Inc.*,
866 F. Supp. 212 (E.D. Pa. 1994) ............................................................. 11

*Jiminez v. All Am. Rathskeller, Inc.*,
503 F.3d 247 (3d Cir. 2007) ....................................................................... 5

*Kennedy v. State Farm Ins. Co.*,
46 F.R.D. 12 (E.D. Ark. 1969) .................................................................. 13

*In re Paoli Railroad Yard PCB Litig.*,
221 F.3d 449 (3d Cir. 2000) ........................................................... 11, 12, 16

*Robertson v. McCloskey*,
1988 WL 23255 (D.D.C. 1988) ................................................................. 13

*Schwartz v. Follodar*,
767 F.3d 125 (5th Cir. 1985) ..................................................................... 12

*Sheridan v. Fox*,
531 F. Supp. 151 (E.D. Pa. 1982) ............................................................. 12

*Thabault v. Chait*,
2009 WL 69332 (D.N.J. Jan. 7, 2009) ....................................................... 12

#1673844

*Weber v. Government Employees Ins. Co.*,
    262 F.R.D. 431 (D.N.J. 2009)......................................................................... 12

*Yong Soon Oh v. AT & T Corp.*,
    225 F.R.D. 142 (D.N.J. 2004)......................................................................... 12

## STATUTES

28 U.S.C. § 1920 ............................................................................................... 12

## RULES

Fed R. Civ. P. 41(a)(2) ........................................................................ 1, 2, 3, 13, 17

Fed. R. Civ. P. 54(d)(1) ....................................................................................... 1

Rule 23(a)(4)  ...................................................................................................... 8

Rule 23(b)(2)  ...................................................................................................... 6

Rule 54.1(g)(7) .................................................................................................. 12

Rule 54(d)  .................................................................................................. 13, 16

Rule 54(d)(1)  ................................................................................... 1, 3, 11, 12, 17

Rule 56(f)  .................................................................................................. 10, 15

iii

#1673844

## INTRODUCTORY STATEMENT

Defendants, Hornell Brewing Co., Inc., d/b/a Ferolito, Vultaggio & Sons ("Hornell"), Arizona Beverage Company, LLC ("ABC"), Beverage Marketing USA, Inc. ("BMU"), and Arizona Beverages USA LLC ("ABU") (collectively, "Defendants"), submit this memorandum of law: (1) in response to the motion filed by plaintiff, Lauren Coyle (at times referred to herein as "Plaintiff" or "Plaintiff Coyle"), to dismiss this action with prejudice but without any award of fees or costs; and (2) in support of Defendants' cross-motion to award Defendants costs as the prevailing party under Rule 54(d)(1) or as a term of dismissal under Rule 41(a)(2).

Defendants do not object and do not oppose dismissal of the second amended complaint ("SAC") with prejudice. However, Defendants oppose that portion of Plaintiff's motion which seeks a dismissal without an award of costs to Defendants. As the prevailing party, Defendants are entitled to an award of costs as permitted under Fed. Rule Civ. P. 54(d)(1). Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." A dismissal with prejudice renders Defendants the prevailing party.

A voluntary dismissal with prejudice, under Rule 41(a)(2), will not require a plaintiff to pay defendant's costs or attorneys' fees, absent exceptional

1

#1673844

circumstances.  Plaintiff argues, in the motion, that exceptional circumstances do not exist and the imposition of costs would not be proper.  However, while Defendants do not seek counsel fees under Rule 41(a)(2) as a condition of dismissal, exceptional circumstances exist in this case justify imposition of costs. Plaintiff should not have allowed 20 months of litigation to continue before filing the instant motion.  The motion to dismiss should have been filed immediately after Plaintiff's deposition was conducted on February 16, 2010.  At that time, the facts were clear that no claim existed and Plaintiff should have dismissed the case with prejudice; instead, Plaintiff chose to prolong the litigation.

Plaintiff falsely claimed, time and again, contrary to her own deposition testimony, that she was deceived in connection with her purchase (which occurred seven months after she retained her attorney to sue Defendants in this case); Plaintiff did not suffer any ascertainable loss yet continued to claim, falsely, that she was damaged.  Plaintiff served a sham affidavit in an attempt to avoid summary judgment.  The service of the sham affidavit, which disavowed Plaintiff's sworn deposition testimony and repeated interrogatory answers, accomplished what Plaintiff sought.  As a result of the service of the sham affidavit and other tactics, this action was needlessly prolonged.

This case has been litigated for over three years at enormous expense to the Defendants and those expenses will continue in defending against the virtually

#1673844

identical *Robinson* suit.  In support of her motion, Plaintiff asserts that Defendants bear the responsibility for the majority of all litigation expenses.  However, much of the litigation expenses were borne by Defendants due to numerous discovery requests made by the Plaintiff, in response to Plaintiff's motion for class certification and in responding to pleadings where Plaintiff falsely claimed to be deceived and damaged in connection with her purchases.  A dismissal with prejudice, under these circumstances, warrants an award of costs under Rule 54(d)(1) or Rule 41(a)(2).

## STATEMENT OF PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

In the initial complaint filed on April 21, 2008, Plaintiff alleged that she made a purchase of Defendants' product on March 30, 2008 at a Wawa convenience store in Galloway Township, New Jersey.  (Doc. No. 1, ¶ 35). Plaintiff further claimed that each time she purchased Defendants' beverages she did so because she thought Defendants' beverages were all natural. (Doc. No. 1, ¶ 39).  These same allegations were repeated in the First Amended Complaint filed on July 31, 2009 and in the SAC filed on May 24, 2011. (Doc. No. 72, ¶¶ 41 and 45; Doc. No. 135, ¶¶ 42 and 46).

### A.    Discovery From Plaintiff Proves Allegations Were False

In answers to interrogatories, Plaintiff stated that the March 30, 2008 purchase was the only purchase she could recall with any degree of specificity.

#1673844

(Doc. No. 125-1, Ex. D, answer to question No. 4; Id., Ex E, answer to question No. 11).  In document production, Plaintiff disclosed that she contracted with her lawyer to sue Defendants, over the claimed deception, on August 9, 2007, seven months prior to that purchase.  (Doc. No. 125-1, Ex. C).

Plaintiff, with full knowledge of the contents of Defendants' beverages and with the belief that the claim of "All Natural" was unfounded, nevertheless purchased Defendants' Rx Stress Iced Tea product at a Wawa convenience store on March 30, 2008 and swore that she was deceived with regard to that purchase. (Doc. No. 72, ¶ 41; Doc. No. 125-1, Ex. A., T64:4-17; Id., Ex. E, answer to question No. 11.)  Plaintiff then filed suit against Hornell and ABC on April 21, 2008 and claimed that she was deceived as a result of that March 30, 2008 purchase.  (Doc. No. 1.¶ 35).

In multiple answers to interrogatories, Plaintiff swore that the March 30, 2008 purchase took place.  (Doc. No. 125-1, Ex. D, answer to question No. 4; Ex. E, answer to question Nos. 10 and 11.)  On February 16, 2010, Plaintiff was deposed.  In deposition, when shown her interrogatory answers, Plaintiff admitted that she made the purchase on March 30, 2008.  (Id., Ex. A, T64-17.)  Plaintiff admitted that she in fact purchased Defendants' product on March 30, 2008 by testifying as follows:

Q.     . . .What's not true?

4

#1673844

A.    Given the timeline that we have established here, that would make the date not, the time of purchase would have been after the time that I had discovered the labeling.

Q.    So when did you purchase the Arizona X Stress Herbal Iced Tea?

A.    My best guess would be on that date.

Q.    March 30, 2008?

A.    Yep.

Q.    So that is true that you purchased it on March 30, 2008?

A.    I suppose it is.

(*Id.*, T64:4-17)

## B.    Plaintiff's Sham Affidavit

On April 8, 2010, nearly two months after Plaintiff's deposition, Plaintiff's counsel served "supplemental" interrogatory answers and a declaration from Plaintiff dated April 7, 2010.  (Doc. No 125-1, Ex. G).  The declaration from Plaintiff is a sham affidavit.[1]  In the April 2010 declaration, Plaintiff self-servingly states that she did not purchase Defendants' product in March 2008 and that her prior interrogatory answers in this regard were "inaccurate". (*Id*., ¶¶ 11 and 12) The declaration offers no explanation as why her prior sworn interrogatory answers and deposition testimony were false and no independent corroborative evidence is offered to support Plaintiff's statements.  (*Id.*)

---

[1] A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).

5

## C.    Plaintiff's Motion for Class Certification

On December 15, 2010, Plaintiff filed a motion for class certification seeking class certification under Rule 23(b)(2).  (Doc. No.122).  In opposition to the motion, Defendants filed a voluminous affidavit including sales records which showed line pricing and established that products sold by Defendants, containing HFCS and labeled "natural", were sold at the same price as products without HFCS, that were not labeled in that manner.  (Doc. No. 125-1, Ex. P).  Plaintiff's claims of premium pricing had no factual basis.

In opposition to the motion, Defendants also produced an expert report showing that HFCS was natural.  (Doc. No. 125-1, Ex. K).  Defendants' opposition also emphasized Plaintiff's own testimony that proved that she was not deceived in connection with her purchase on March 30, 2008.  Defendants also furnished the Court with the sham affidavit, previously produced by Plaintiff in discovery, whereby Plaintiff contradicted her deposition testimony and stated that her prior sworn interrogatory answers were false. (Doc. No. 125-1, Ex. G).

## D.    Oral Argument On Class Certification Motion

This Court conducted oral argument in connection with the class certification motion on April 6, 2011.  (Doc. No. 150-2).  During that oral argument, a major focus centered on Plaintiff's deposition testimony showing that she could not have been deceived in connection with the March 30, 2008 purchase.

6

#1673844

In response, Plaintiff argued that, after the deposition, Plaintiff "submitted an affidavit….clarifying the time line of events" and contended that the purchase date was March 2007, not March 2008. (*Id.* T11:7-16).  The Plaintiff's affidavit, referred to during oral argument, was the sham affidavit.

### E.    Robinson Complaint

On April 13, 2011, Plaintiff's counsel filed, on behalf of new plaintiff, Steven Robinson, a putative class action complaint which virtually mirrored the complaint filed by the Plaintiff in this case.  (Robinson Doc. No. 1).  Plaintiff thereafter sought to consolidate the *Robinson* matter with the within case.  (Doc. No. 136).  That motion was later withdrawn after Plaintiff's motion for class certification was denied.  (Doc. No. 140).

### F.    Plaintiff Coyle's Second Amended Complaint

On May 24, 2011, Plaintiff filed the SAC to include ABU as a defendant.  In that SAC, however, and contrary to her sham affidavit, Plaintiff repeated the allegation that she purchased Defendants' product on March 30, 2008 purchase and continued to assert, falsely, that she was deceived in connection with that purchase and was somehow damaged (Doc. No. 135, ¶ ¶ 42, 46, 49).  Defendants filed an answer to the SAC on June 7, 2011.  (Doc. No. 141).

#1673844

## G.   Denial of Class Certification

By Order and Decision dated May 26, 2011, this Court denied the class certification motion filed by Plaintiff on the grounds of adequacy under Rule 23(a)(4).  (Doc. No. 137).  In that decision, there are references to Plaintiff's deposition testimony admitting that the March 30, 2008 purchase took place 7 months after her contracting with an attorney to sue Defendants.  (*Id.* at p. 5).  This Court also referred to Plaintiff producing an affidavit two months after her deposition contradicting, without explanation, her deposition testimony (*Id.*, p. 5).[2]

## H.   Plaintiff Coyle Continues to Litigate Case

On June 30, 2011, the parties, through counsel, appeared before Magistrate Judge Schneider for an in-person status conference related to the *Coyle* and *Robinson* cases.  During that conference, Plaintiff advised the Court that "during the pendency of the motion for reconsideration, we can move forward with the merits discovery in the Coyle case in order to start moving towards the finish line, regardless of whether the class is ultimately certified in Coyle."  (Donovan Dec.,

---

[2] On June 14, 2011, Plaintiff filed a motion for reconsideration.  (Doc. No. 144). On August 30, 2011, this Court struck the earlier determination of inadequacy of counsel.  (Doc. No. 157).  However, the balance of the motion for reconsideration was denied and this Court again denied class certification on the basis that Plaintiff had not been shown to be adequate to represent the proposed class under Rule 23(a)(4).  (*Id.*)  In the accompanying August 30, 2011 decision, this Court also observed that Defendants had persuasively argued that the Plaintiff's April 2010 declaration could be disregarded, on a summary judgment motion, as a sham affidavit. (Doc. No. 156, p. 11).

8

Ex. A, T5:18-22).  Plaintiff requested additional time to obtain discovery from third parties on alleged ascertainable loss.

Defendants objected to the request for more discovery and advised the Court of an intent to file a motion for summary judgment.  *(Id.*, T9:21-T10:5).  Plaintiff indicated that if such motion was filed, prior to the close of discovery, a Rule 56(f) affidavit might be filed in opposition.  *(Id.*, T19:17-T20:2).  Plaintiff's request for additional discovery on alleged ascertainable loss was granted and the discovery deadline was ultimately extended to September 30, 2011. (Doc. No. 154).  The deadline to file a motion for summary judgment on the issue of ascertainable loss was eventually set for October 17, 2011.  *(Id.)*

On August 15, 2011, Plaintiff issued subpoenas to three stores in New Jersey seeking pricing information regarding Defendants' products.  No evidence was produced showing that Plaintiff suffered any ascertainable loss.

On October 3, 2011, Plaintiff filed the instant motion to dismiss the SAC with prejudice and without costs.  (Doc. No. 158).  In the memorandum submitted in support of the motion, Plaintiff persists in the baseless assertion that "[e]ach time Plaintiff purchased an Arizona beverage, she did so with the belief that the beverage was natural."  (Doc. No. 159, p. 2).  Plaintiff also repeats the groundless allegation that each time she made a purchase, she was willing to and paid a premium price for a beverage "she believed to be natural."  *(Id.)*

9

**LEGAL ARGUMENT**

**I.    DISMISSAL OF THE SAC SHOULD BE WITH PREJUDICE AND WITH COSTS UNDER RULE 54**

Plaintiff seeks dismissal with prejudice with each party bearing their own costs.  Plaintiff seeks to apply the wrong standard for determining whether costs should be imposed by arguing that exceptional circumstances do not exist and that absent such circumstances, an award of costs is not justified.  However, under Rule 54(d)(1), costs, other than attorney's fees, "should be allowed to the prevailing party."  The rule itself presumes an award of costs.  *In re Paoli Railroad Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000).  ("the presumption is that costs, as defined by the relevant statutes and case law, will be awarded in full measure").  In *In re Paoli Railroad Yard*, the Third Circuit noted that to overcome the presumption favoring the prevailing party and to deny that party costs, a district court must support that determination with an explanation.  221 F.3d at 462.  The losing party bears the burden of making a showing that an award of costs is inequitable under the circumstances.  *Id.*, 462-63.

According to the United States Supreme Court in *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 604 (2001), there is a prevailing party when there has been a "material alteration of the legal relationship of the parties."  Courts in the Third Circuit have held that a dismissal with prejudice makes the defendant a prevailing party.  *Interdigital Tech. Corp v.*

10

#1673844

*Oki America, Inc.*, 866 F.Supp. 212, 213 (E.D. Pa. 1994); *Sheridan v. Fox*, 531 F.Supp. 151, 154-55 (E.D. Pa. 1982).  In this case, Plaintiff seeks to dismiss her claims against Defendants with prejudice.  A dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties.  *Schwartz v. Follodar*, 767 F.3d 125, 129 (5th Cir. 1985).  A dismissal of Plaintiff's SAC with prejudice materially alters the legal relationship between Plaintiff and the Defendants because Plaintiff will no longer be able to pursue the claims asserted against Defendants.

Plaintiff contends that a voluntary dismissal is necessary now to "avoid the burden and expense of continuing the present litigation."  However, that contention is a mere façade because the plain fact is that Plaintiff has no claim and will not be able to survive a motion for summary judgment.  Plaintiff incongruously offers the excuse that the amount in controversy is outweighed by the expense of continuing the litigation.  However, Plaintiff here is asserting the same vaunted state-wide claim for injunctive and declaratory relief against Defendants that plaintiff Robinson currently seeks on behalf of a putative class.

As the prevailing parties, Defendants respectfully request that the order of dismissal provide that Defendants are entitled to an award of costs under Rule 54(d)(1).  Defendants have submitted a proposed form of order in support of their cross-motion whereby they request that this Court order that the costs of

11

depositions taken in this case be allowed under Local Civil Rule 54.1(g)(7). The Court has discretion to award the costs associated with taking depositions to the prevailing party under 28 U.S.C § 1920. *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 138-39 (3d Cir. 1999); *see also Thabault v. Chait*, 2009 WL 69332 at \*\*6-7 (D.N.J. Jan. 7, 2009) (depositions need only "appear reasonably necessary to the parties in light of a particular situation existing at the times they were taken" to be taxed as costs). In addition, the award of other costs such as "filing fees, copying expenses, travel, delivery, meals..." are recoverable in a large and complex case. *Weber v. Government Employees Ins. Co.*, 262 F.R.D. 431, 451 n.11 (D.N.J. 2009) *citing Yong Soon Oh v. AT & T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004).

Defendants respectfully request this Court enter an order allowing for the recovery of deposition expenses along with other reasonable costs in this litigation pursuant to Rule 54(d)(1) and § 1920.

## II.   PLAINTIFF HAS THE BURDEN TO SHOW COSTS SHOULD NOT BE AWARDED UNDER RULE 54 AND HAS FAILED TO SET FORTH ANY GROUNDS TO SATISFY THIS BURDEN

Instead of addressing the factors under *In re Paoli Railroad Yard*, Plaintiff cites to cases where courts have observed the principle that fee shifting conditions should not be imposed, on motions for voluntary dismissal, absent extraordinary

12

#1673844

circumstances beyond mere dismissal with prejudice of a claim that was frivolous.[3] (Doc. No. 159, p. 10).  The Court has the power under Fed R. Civ. P. 41(a)(2) to condition a dismissal under specific terms and conditions.  *Kennedy v. State Farm Ins. Co.*, 46 F.R.D. 12, 14 (E.D. Ark. 1969).  Costs and fees are normally assessed where the dismissal is without prejudice because the defendant will likely be sued again in another forum and making them whole for the first suit eliminates the prejudice of the dismissal.  *See Aerotech, Inc v. Estes*, 110 F.3d 1523, 1527-28 (10th Cir. 1997) (noting distinction between dismissal with, and without prejudice).  A dismissal with prejudice, on the other hand, generally brings finality to the litigation and therefore courts do not award costs or fees absent extraordinary circumstances or another rule or statutory provision which permits the imposition of fees on the losing party.  *Id.*

Courts have recognized that even when a party seeks voluntary dismissal, however, the analysis of costs is still governed by Rule 54(d).  *Robertson v. McCloskey*, 1988 WL 23255 at *4 (D.D.C. 1988).  In *McCloskey*, the plaintiff sought voluntary dismissal prior to trial and the defendant requested that the

---

[3] Defendants respectfully submit that Plaintiff's claims are frivolous and that a basis exists to show exceptional circumstances due to Plaintiff's bad faith conduct in needlessly prolonging this litigation through repeated false allegations of deception, the service of the sham affidavit, the reliance upon same and other tactics.  However, in order to put an end to this three-year litigation, Defendants have elected not to seek sanctions under the inherent power of this Court to consider such applications.

#1673844

dismissal be conditioned upon an award of fees and costs. The court denied the request for attorneys' fees as a condition for dismissal but observed that "the ability of a trial court to condition a dismissal with prejudice and the payment of the defendant's costs of litigation stands on a far different footing" than an imposition of attorneys' fees. *Id.* at *4. The court further observed that while the assessment of attorneys' fees against the loser in the litigation may be a form of a penalty, the taxation of costs merely represents the fair price of an unsuccessful litigation. *Id.* (citations and quotations omitted).

Plaintiff argues that the "majority of time and expense incurred by both parties has been directly related to Defendants' largely unsuccessful motion practice." (Doc. No. 159, fn. 4). That contention is meritless and is belied by the Plaintiff's conduct in this case. After testifying at her deposition as to the March 30, 2008 purchase (the only purchase she could recall with any degree of specificity), Plaintiff served a sham affidavit upon Defendants to avoid summary judgment and to create an opportunity to file a motion for class certification. The class certification was filed and was opposed by Defendants, at significant expense. During the class certification hearing, Plaintiff relied upon the sham affidavit. Notwithstanding the fact that the March 30, 2008 purchase could not have resulted from Plaintiff being deceived or damaged, Plaintiff repeatedly made that false allegation in amended complaints and in other pleadings filed with the

14

#1673844

Court. These pleadings required responses filed by Defendants and more legal expenses. To the extent exceptional circumstances are required to impose costs, Plaintiff's bad faith conduct, in prolonging this litigation, should satisfy that requirement.

After class certification was denied, Plaintiff sought third party discovery and advised the Court that a Rule 56(f) affidavit might be filed in the event Defendants filed a summary judgment motion prior to the discovery period ending. Plaintiff chose to litigate the case further and caused Defendants, unnecessarily, to incur more counsel fees and costs.

Plaintiff refers to cases that state that the reason for denying a fee award when a dismissal of claims is with prejudice is that the defendant has been freed of the risk of re-litigating the issues as if the case had been adjudicated in his or her favor at trial. The dismissal of this case, with prejudice, does not mean that the overall litigation is terminated. By virtue of the *Robinson* action, which virtually mirrors the allegations in *Coyle*, Defendants remain litigating the same issues disputed in *Coyle*. What, in effect, is proposed to occur, is a *de facto* substitution of Mr. Robinson as a putative class representative for virtually the same claims pursued by Plaintiff Coyle. Dismissal of this case with prejudice does not provide Defendants with the assurance, as is customarily the case, that no further lawsuit will be pursued. As a result of the *Robinson* case, Defendants have undertaken

15

#1673844

propounding discovery requests and obtaining discovery in that case, again incurring more fees and expenses.

Plaintiff argues that costs should not be awarded because the discovery in this matter has been deemed applicable to the *Robinson* case.[4]  (Doc. No. 159, p. 10).  The status of discovery in *Robinson* is irrelevant for purposes of considering whether costs, incurred by Defendants in *Coyle*, should be awarded to Defendants as a prevailing party in a separate litigation.  As stated in *In re Paoli Railroad Yard*, there are limited factors to consider in denying an award of costs. *Id.* at 468. None of the factors in *In re Paoli Railroad Yard* have been established or even have been argued to exist.  Plaintiff has cited to no authority that assessment of costs under Rule 54(d) should not be awarded because another similar litigation has been filed by another party.  That is not a relevant factor under *In re Paoli Railroad Yard*.  221 F.3d at 468.

The *Robinson* case should not have any bearing upon whether costs should be imposed as a term of dismissal in this case.  Also, contrary to Plaintiff's argument here, there will be additional work undertaken in the *Robinson* case that has no bearing upon the *Coyle* matter including, but not limited to, discovery from

---

[4] During the June 30, 2011 status conference in *Robinson,* Defendants agreed to share discovery produced in *Coyle* with the caveat that, in the event Defendants prevailed in the *Coyle* case, that Plaintiff's counsel in Robinson should not be able to seek fees, in that case, for their work undertaken in *Coyle*.  (Donovan Dec., Ex A, T22:24-23:13).

#1673844

that plaintiff.    Defendants respectfully seek an award of costs as the prevailing party under Rule 54(d)(1) or as a condition of dismissal under Rule 41(a)(2).

<u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court dismiss the SAC with prejudice and grant Defendants' cross-motion awarding costs to Defendants, as the prevailing party, under Rule 54(d)(1) or as a condition of dismissal under Rule 41(a)(2).

Dated:  October 24, 2011          Respectfully submitted,

/s/ *Robert P. Donovan*
Robert P. Donovan

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:   (973) 622-7711
Facsimile:    (973) 622-5314

*Attorneys for Defendants, Hornell Brewing Co.,*
*d/b/a Ferolito Vultaggio & Sons, Arizona*
*Beverage Company LLC, Beverage Marketing*
*USA, Inc. and Arizona Beverages USA, LLC*

17

#1673844